**In re Ronald J. SADLIER and Elizabeth Sadlier, Debtors.**

**No. 96–11529.**

United States Bankruptcy Court, D. Rhode Island.

March 23, 2001.

Christopher M. Lefebvre, Pawtucket, Rhode Island, for debtors.

John Boyajian, Boyajian, Harrington & Richardson, Providence, Rhode Island, Chapter 13 Trustee.

Thomas S. Hemmendinger, Brennan, Recupero, Cascione Scungio & McAllister, Providence, Rhode Island, for creditor.

### *ORDER*

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Heard on March 1, 2001, on the Motion of Max Recovery, Inc. ("Max"), to vacate Orders sustaining the Debtors' objections to Claim numbers 6, 7, and 8. Max

seeks relief based on an alleged conflict between R.I. LBR 3007–1,[1] which allows for a ten day response period to objections to claims, and Fed.R.Bankr.P. 3007[2] which requires thirty days notice of a hearing on an objection to a claim. After reviewing these two provisions, and listening to the arguments, I find no conflict. The federal rule does not contain a response time for claimants to respond to an objection to claim, and that is the sole purpose for the local rule. Accordingly, Max's Motion is DENIED on that ground.

At the hearing Max also seemed to argue excusable neglect as a basis for reconsideration. Notwithstanding that its Motion is silent as to that issue, Max is allowed seven (7) days from the date hereof to set forth why reconsideration should be granted on the ground of excusable neglect. *See Pioneer Investment Servs. Co. v. Brunswick Assocs. Ltd. P'ship.*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). The Debtors will have seven (7) days thereafter to respond and, if necessary, the matter will be reset for hearing.

---

1. This provision states:

   An objection to a claim(s) shall contain the following notice, which shall appear below the signature block of the objecting party, or otherwise be conspicuously set forth within the objection:
   NOTICE OF TIME TO RESPOND/OBJECT
   Within ten (10) days after service as evidenced by the certification (twenty (20) days to the extent that the objection relates to a claim of a U.S. Government agency), and an additional three (3) days pursuant to Fed.R.Bankr.P. 9006 if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Bankruptcy Court Clerk's Office, 380 Westminster Mall, 6th Floor, Providence, RI 02903, (401) 528–4477. If no objection or other response is timely filed within the time allowed herein, the paper will be deemed unopposed and will be granted unless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the Court, the interest of justice requires otherwise.
   If you timely file such a response, you will be given thirty (30) days notice of the hearing date for this objection.
   R.I. LBR 3007–1.

2. The Rule states:

   An objection to the allowance of a claim shall be in writing and filed. A copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant, the debtor or debtor in possession and the trustee at least 30 days prior to the hearing. If an objection to a claim is joined with a demand for relief of the kind specified in Rule 7001, it becomes an adversary proceeding.
   Fed.R.Bankr.P. 3007.